UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 3:23-cv-334-TJC-LLL

APPROXIMATELY $504,728.89 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 5526898522 (WF 8522) and

APPROXIMATELY $265,036.43 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 5526898530 (WF 8530)

Defendants.

---

**UNITED STATES' MOTION FOR CLERK'S DEFAULT**

The United States of America moves, pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rules 1.10(b), for entry of a Clerk's Default against NNI Construction Co., Super Crew Contractors, LLC., and Wells Fargo Bank, N.A. (the Default Claimants [1]),who were provided with notice of this forfeiture action and failed to file a claim or timely file a Statement of Right or Interest, Answer, or to otherwise defend against this civil forfeiture action involving

[1] On May 31, 2023, the United States received a Petition for Remission from Grand Fitness Mgmt, LLC. requesting that the United States consider remitting the Defendant Funds to them once a Default Judgment of Forfeiture is entered. Department of Justice regulations give the Attorney General discretion to remit forfeited property to owners, victims, or lien holders under certain circumstances. *See* 28 C.F.R., Part 9. The United States recognizes that Petition and is not moving forward with a default against Grand Fitness Mgmt. LLC.

the following property:

a. Approximately $504,728.89 seized from Wells Fargo Bank, Account Number 5526898522, held in the name of Super Crew Contractors, LLC; and

b. Approximately $265,036.45 seized from Wells Fargo Bank, Account Number 5526898530, held in the name of Super Crew Contractors, LLC.

("Defendant Funds").

In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I. Statement of Facts**

1. On March 22, 2023, the United States filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of the Defendant Funds. Doc. 1. Specifically, the United States alleged that the Defendant Funds constitute or are derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1344 (bank fraud) and are, therefore, subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). *Id.* at 2.

**II. Potential Interest in the Defendant Funds Sought for Forfeiture**

2. In compliance with Rule G(4), the United States provided proper notice of this action to all known and unknown parties. The dates and method of sending notice to the Default Claimants are detailed in the Declaration of contract paralegal, Penny Nicholson, which is attached hereto as Exhibit A and fully incorporated

herein by reference.

**A. Known Parties with a Potential Interest in the Defendant Funds**

3. The only know party with any potential interest in the Defendant Funds were the Default Claimants.

4. In accordance with Rule G(4)(B), the United States served the Default Claimants with a Notice of Complaint for Forfeiture; a copy of the Verified Complaint for Forfeiture *In Rem*; Notice of Related Action; Rule 3.03 Disclosure Statement; Warrant of Arrest *In Rem*, a copy of the Acknowledgment of Receipt of Notice of Complaint for Forfeiture *in Rem*, and a self-addressed, stamped envelope (Notice Package), by United States first-class mail and Federal Express. *See* Decl. at ¶ 10. The Notice Packages sent to the Default Claimants were sent to their last known addresses. *Id* at ¶ 4.

5. The "Notice of Complaint for Forfeiture" that was included with the Notice Package advised the parties that, in order to contest the Verified Complaint, they were required to file a Statement of Right or Interest within 35 days of the Notice date—here, on or before June 22, 2023, for the Default Claimants—and file an Answer within 21 days after filing the statement of right or claim. *Id.* at ¶ 11. The Notice of Complaint for Forfeiture further instructed the parties to file the Statement of Right or Interest and Answer with the Office of the Clerk, United States District Court, 300 North Hogan Street, Suite 9-150, Jacksonville, Florida 32202. *Id.* Finally, the Notice of Complaint for Forfeiture advised that the "[f]ailure to follow the

requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint. You may wish to seek legal advice to protect your interests." *Id.*

6. Despite notice, the Default Claimants have failed to timely file a claim to the Defendant Funds and the time for filing claims has now expired. *See Id.* at ¶ 5-8.

**B. Unknown Parties**

7. The United States published notice of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from March 24, 2023, through and including April 22, 2023, as required by Rule G(4)(a)(i) & (iv)(C)(3), and as evidenced by the Notice of Publication filed with this Court on April 24, 2023. Doc. 8. Pursuant to Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication—here, on or before May 23, 2023.

## II. Applicable Law

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom judgment is sought has failed to plead or otherwise defend against an action, and that failure is demonstrated, the Clerk must enter the party's default. Fed. R. Civ. P. 55(a).

Rule G(4)(b)(iii) provides that the government must send notice of a forfeiture action to potential claimants "by means reasonably calculated to reach the potential claimant." *See also Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950) (to satisfy due process notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). "Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice." *United States v. Davenport*, 668 F.3d 1316, 1320, 1323 (11th Cir. 2012).

Reasonable notice requires only that the United States attempt to provide actual notice, it does not require that the United States demonstrate that it was successful in providing actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (same); *Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) (same). In *Jones v. Flowers*, the United States Supreme Court held the Government must take additional steps to send notice to a property owner if it is aware that its first attempt to send by notice by certified mail was miscarried. *Jones*, 547 U.S. 220. But the additional steps are not onerous. In *Jones,* the United States Supreme Court held that simply re-sending the notice by first-class mail may be sufficient. *Id.* at 230. *See also* Fed. R. Civ. P. 4(d)(1)(G) (referring to "first class mail or other reliable means").

As detailed above and in the Declaration of contract paralegal, Penny Nicholson (Exhibit A), the United States properly noticed all known and unknown

parties. The United States sent notice to the known parties with a potential interest by United States first-class mail and Federal Express. Despite receiving notice, the Default Claimants did not file a claim to the Defendant Funds. S*ee* Decl. Exs. A1-A4. Finally, the notice package sent first-class mail was not returned and there is no indication that it was not delivered.

Here, the United States properly noticed all known and unknown parties. Pursuant to Rule G(5)(a) & (b), any claimant to the Defendant Funds is required to file a claim no later than 35 days after the written notice was sent or 60 days after the first publication of notice on the official Government website. The time periods for contesting this case for all other known and unknown parties have expired, and no extensions to these time periods have been requested, consented to, or granted by this Court.

Upon information and belief, no person or entity thought to have an interest in the Defendant Funds are an infant, incompetent, or presently engaged in military service. *See* Decl. at ¶ 13.

## III. Conclusion

Despite notice, the Default Claimants failed to file a claim to the Defendant Funds and the time for filing claims has expired. For the reasons above, pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.10(b), the Clerk may enter a default against NNI Construction Co., Super Crew Contractors, LLC., and Wells Fargo Bank, N.A.

WHEREFORE, the United States respectfully requests, pursuant to Federal Rule of Civil Procedure 55(a), that the Clerk enter a default against the above-referenced Default Claimants for failure to plea or otherwise defend this action.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/Mai Tran*
MAI TRAN
Assistant United States Attorney
Florida Bar No. 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-Mail: mai.tran2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

Grand Fitness Mgmt, LLC
c/o Corporation Service, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

NNI Construction Co.
c/o Thomas R. Shahady, Registered Agent
7900 Peters Road, Suite B-200
Fort Lauderdale, FL 33324

Super Crew Contractors, LLC
c/o Selina Williams, Registered Agent
4809 Black Pine Court
Jacksonville, Florida 32210

Wells Fargo Bank, N.A.
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney